**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARCUS KELLEY,

    Plaintiff,

v.

OAKLAND COUNTY JAIL ET AL.,

    Defendants.
_____/

Case No. 07-13977
Hon. Lawrence P. Zatkoff
Magistrate Judge Virginia M. Morgan

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on September 30, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

Plaintiff filed a complaint alleging violations of 42 U.S.C. § 1983. This matter comes before the Court on Magistrate Judge Morgan's Report and Recommendation of June 3, 2008, [dkt 25] in which the Magistrate Judge recommends that the Court grant Defendants' motions for dismissal and summary judgment [dkt 19] in part and deny the motions in part. Defendants timely filed objections to the Magistrate's Report [dkt 27].

The Magistrate's Report recommends dismissing Defendants Oakland County Jail and Oakland County Grievance Committee because they are not entities capable of being sued under § 1983. The Report also recommends granting Defendants' motions as to the denial of access to the courts claim against Defendants Woodliff, Maria LNU, Leman, and Praski. Finally, the Report recommends granting Defendants' motions as to the retaliation claim against Defendant Ginnel. As

to these claims, the Court ADOPTS the Report and Recommendation and enters it as the findings and conclusions of this Court.

The Magistrate's Report recommends denying Defendants' motions as to the retaliation claims against Defendants Leman, Holmes, Vasquez, McCoy, and Ochadleus. As to these claims, the Court REJECTS the Report and Recommendation.

For the reasons set forth below, Defendants' motion for summary judgment is GRANTED in full and Plaintiff's claims are DISMISSED WITH PREJUDICE.

## II. BACKGROUND

At the time this lawsuit was filed, Plaintiff was an inmate at the Oakland County Jail. Plaintiff filed a previous lawsuit in this Court regarding his termination from a work-release program.[1] The current suit arises primarily out of events regarding the filing of the previous lawsuit and Plaintiff's filing of jail grievances.

In this lawsuit, Plaintiff alleges he was retaliated against for exercising his First Amendment rights to file jail grievances and a civil lawsuit. Plaintiff's complaint includes claims of retaliation against six jail employees and two administrative bodies. Plaintiff also claims he was denied access to the courts by the actions of four jail employees concerning the filing and handling of his previous lawsuit.

Plaintiff's complaint includes an additional charge of cruel and unusual punishment against two John Doe defendants. These claims were not included in Defendants' motions; therefore, the Court will not address them here.

---

[1] *Marcus Kelley v. John Doe et al.*, Case No. 07-13031, (E.D. Mich. 2007) (Zatkoff, J.).

## III. LEGAL STANDARD

A judge of the court shall make a *de novo* determination of those portions of a report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 616(b)(1). This motion was presented as both a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and a motion for summary judgment under Fed. R. Civ. P. 56. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(b). As the Court will be considering Defendants' Objections to the Magistrate's Report and Recommendation along with the attached affidavits, the standards of Rule 56 apply.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Thompson v. Ashe*, 250 F.3d 399, 405 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, and all inferences should be made in favor of the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

To support its motion, the moving party may show "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Although all inferences must be drawn in favor of the nonmoving party, this Court bears no obligation to imagine favorable facts where the nonmoving party has alleged none. The moving party must also set forth facts sufficient to establish

its case: "[T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## IV. ANALYSIS

### A. First Amendment Retaliation Claims

A retaliation claim consists of three elements: (1) that the plaintiff engaged in protected conduct; (2) that an adverse action was taken against the plaintiff; and (3) that there is a causal connection between the two. *Thaddeus X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). It is well-settled that filing grievances or lawsuits constitutes conduct protected by the First Amendment. *See, e.g.*, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000).

The second requirement in the *Thaddeus X* test is that an adverse action was taken. An adverse action is one that would "deter a person of ordinary firmness from exercising his or her right[s]." *Thaddeus X*, 175 F.3d at 398. Not every action taken is adverse. There is a level of *de minimus* conduct that does not implicate the Constitution. *See, e.g.*, *Ingraham v. Wright*, 430 U.S. 651, 674 (1977). Nonetheless, unless the action is "truly inconsequential," whether an action is adverse is a question for the jury. *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002); *Thaddeus X*, 175 F.3d at 398. Examples of adverse actions in a confinement setting include segregation, destruction of legal materials, denial of law library access, and, in one case, confiscation of an inmate's athletic shoes. *See Bell*, 308 F.3d at 603 (citations omitted).

The final requirement is that a casual connection exists between the protected conduct and the adverse action. In order to show this connection, the plaintiff must first establish that his protected conduct was a motivating factor for the adverse action. *Thaddeus X*, 175 F.3d at 399.

4

The plaintiff must present material facts, as opposed to conclusory allegations, of a retaliatory motive. *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005). That is, he must show more than his personal belief that he is being retaliated against. *See Johnson v. Rodriguez*, 110 F.3d 299, 311 (6th Cir. 1997). If the plaintiff makes this showing, the burden shifts to the defendant to show that the same action would have been taken regardless of the plaintiff's protected conduct. *Thaddeus X*, 175 F.3d at 399. If such a showing is made, the defendant is entitled to summary judgment. *Id*.

**B. Defendant Leman**

Plaintiff alleges that Defendant Leman caused a grievance filed by Plaintiff to "mysteriously disappear[]." Plaintiff offers no proof for this other than his bald assertion. Defendant Leman's affidavit states that he turned the grievance into his supervisor in accordance with procedure and is unaware what happened thereafter.

This Court is not in the business of solving mysteries. Plaintiff has not alleged any specific facts to implicate that an adverse action, or any action for that matter, was taken. Even if this Court were to hypothesize that Defendant Leman intentionally caused Plaintiff's grievance to disappear, Plaintiff has not provided any evidence of a retaliatory motive.

Plaintiff has not presented evidence of a valid retaliation claim against Defendant Leman; therefore, Defendants' motion should be granted as to this claim.

**C. Defendant Holmes**

Plaintiff requested permission to get married in jail, which was denied by Defendant Holmes. The date of the request is disputed. Plaintiff states in his brief the date was June 29, 2007, which is corroborated by Plaintiff's Exhibit B. Defendants argue that the date was April 14, 2007, and that it occurred before Plaintiff engaged in protected conduct. As this is Defendants' motion, the Court

will assume Plaintiff's date to be the correct one. Defendants claim that Plaintiff's marriage request was denied for security reasons, as all such requests are. Defendant Holmes stated this when he originally denied the request and again in his affidavit.

The Court will assume, without deciding, that a denial of marriage is an adverse action.[2] Plaintiff must next show a casual connection between the denial and the protected conduct. Plaintiff's only evidence is a copy of the Oakland County inmate guide. *See* Pl's Resp. Defs'. Mot. Dismiss Attach. A p. 8. The guide specifically states that an inmate must request permission to marry. Nothing in the guide prevents the county from denying every request for permission. Plaintiff presents no evidence that Defendant Holmes's motive in denying the request was based on Plaintiff's protected conduct. In fact, Plaintiff presents no evidence that ANY marriage request has ever been granted. Thus, the evidence shows that Plaintiff's request would have been denied regardless of whether Plaintiff engaged in protected conduct or not.

Plaintiff has failed to raise a genuine issue of material fact that the denial of marriage was in retaliation for engaging in protected conduct. The retaliation claim against Defendant Holmes should be dismissed.

**D. Defendant Vasquez**

As to Defendant Vasquez, Plaintiff claims that he was pulled out of his cell and threatened to have his security level raised. In addition, Plaintiff alleges that Defendant Vasquez stated " I know you are the problem and I will personally deal with you myself!" Pl.'s Compl. p. 6. In his affidavit, Defendant Vasquez claims that he never threatened Plaintiff's security level and recalls

---

[2]Based on the Court's prior experience of presiding over hundreds of domestic relations cases as a State Circuit Judge, it could easily be argued that denial of permission to marry was actually a benefit and not an adverse action.

only one conversation with Plaintiff. The conversation regarded Plaintiff's desire to rejoin the work release program and ended with Defendant Vasquez instructing Plaintiff to file an inmate request.

Assuming what Defendant Vasquez said was a threat and constituted an adverse action, Plaintiff makes no connection between his protected conduct and the threats, and he offers no evidence of a retaliatory motive. Plaintiff's belief that the threats were retaliatory is not sufficient. Defendants provide Plaintiff's Event Screens and Incident Reports, which show a pattern of behavior requiring warnings, discipline, and heightened monitoring. See Defs.' Mot. Summ. J. Ex. 1. These entries occurred both before and after Plaintiff engaged in protected conduct. Plaintiff provides no evidence this alleged incident was not just another disciplinary action.

For these reasons, Plaintiff has failed to raise a genuine issue of material fact that Defendant Vasquez's actions were in retaliation for Plaintiff's protected conduct. The retaliation claim against Defendant Vasquez should be dismissed.

**E. Defendant Ochadleus**

Plaintiff next alleges that Defendant Ochadleus made the following statements:

> (1) While another inmate was beating on his cell bars: "If that fucker beats on the bars again, I'm pulling you out of there and I will wipe my feet on your sheets and spit on your bed";
>
> (2) When asked why the above statement was made: "I will fuck you up Kelly, I don't like you that's why";

It is also alleged that Defendant Ochadleus threatened to fabricate a ticket against Plaintiff the same day. When asked for his badge number following this incident, Defendant Ochadleus alleged replied:

> (3) "Go on and write a grievance bitch. I know what happens to those grievances bitch! Welcome to jail bitch!"

7

Pl.'s Compl. p. 7. Plaintiff provides four statements from fellow inmates corroborating the last statement. *See* Pl.'s Compl. Ex. E.

Defendant Ochadleus's affidavit states that he does not recall any of the events that allegedly occurred on that day. Defendants also claim that Defendant Ochadleus did not have the authority to engage in behavior that would meet the standard of retaliation.

Plaintiff has again failed to allege any evidence showing a retaliatory motive for Defendant Ochadleus's alleged actions. While certainly not commendable, Defendant Ochadleus's statements alone do not implicate retaliation for past behavior. They were instead a disciplinary response to the incident occurring at the time. Plaintiff offers no material facts to show that Defendant Ochadleus's actions were motivated by Plaintiff's protected conduct.

For these reasons, Plaintiff has failed to raise a genuine issue of material fact as to the retaliation claim against Defendant Ochadleus. Defendants' motion is granted as to this claim.

## F. Defendant McCoy

Finally, Plaintiff alleges that Defendant McCoy pulled him out of his cell and made the following statements:

> (1) "Mr. Kelly, the commissary supervisor just came to me and said to tell you to stop harassing them."
>
> (2) "If I hear you speak about anything concerning your case, I will personally make sure we put you in a place where you can't see or speak to no one."
>
> (3) "If you want, try to add me to your fucking lawsuit and see what happens! My name is J. McCoy. Make sure you spell it right M.C.C.O.Y.!"

Pl.'s Compl. p. 6; Ex. D. Statements (1) and (3) do not meet any standard of retaliation. Engaging in protected conduct does not give one a green light to behave as they wish. Rebuking an inmate for harassing commissary workers is basic inmate discipline, not retaliation. Statement

8

(3) is also not retaliatory. It was made in response to Plaintiff's threat to add Defendant McCoy as a party to this matter. This leaves statement (2).

Defendant McCoy does not dispute the alleged conversation occurred. He submits as evidence an affidavit and a copy of the incident report he filed after the conversation. Defendant McCoy admits that he did threaten a transfer, but it was in relation to Plaintiff's harassment of the commissary workers, not in retaliation for Plaintiff's protected conduct.

Plaintiff has submitted no evidence to dispute this other than his conclusory allegations. He has not raised a genuine issue of material fact to this claim and it is therefore dismissed.

## V. CONCLUSION

For the reasons stated above, this Court will ADOPT the Magistrate Judge's Report and Recommendation insofar as it grants Defendants' motions; and it will REJECT the Report and Recommendation insofar as it denies Defendants' motions. It is hereby ORDERED that Defendants' motion for summary judgment is GRANTED in full.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: September 30, 2008

CERTIFICATE OF SERVICE

       The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 30, 2008.

                                            S/Marie E. Verlinde
                                            Case Manager
                                            (810) 984-3290